ALFRED MORTON et al. v. CAROLINA MANUFACTURING COMPANY.

*Practice—Purchase at Sale by Receiver—Finding of Judge as to Facts Conclusive.*

Where there was a dispute between receivers and a bidder at a sale made by them as to what property was bid off by him, and a decree was entered directing the bidder to pay the amount of his bid, and no exception was taken because the Judge below did not set out the facts found by him as a basis for the decree, it will be assumed that the Judge found the statements of the receivers and their witnesses to be true. In such case this Court has no authority to review the conclusions of the Judge.

This was a Rule against W. H. Ragan, a purchaser at a sale made by receivers of the defendant corporation, to show cause why he should not be compelled to pay the sum bid by him at the sale, and was heard before *Hoke, J.,* at August Term, 1894, of GUILFORD Superior Court.

Ragan declined to comply with his bid, upon the ground that he had bid $3,000 for the sash and blind factory of the defendant corporation and all the machinery connected therewith necessary for its operation, and that after the same had been knocked down to him the machinery was put up and sold to other bidders.

The affidavit of Ragan was supported by affidavits of other persons who were present at the sale. There were counter-affidavits by the receivers, also supported by affidavits of others, tending to show that the announcements at the sale, before Ragan bid for the property, were definite and well understood as to what was offered for sale. His Honor rendered a decision directing Ragan to pay the amount bid, but the facts found by him were not set out in the decree. From this order Ragan appealed.

*Messrs. Dillard & King,* for W. H. Ragan (appellant).
*Mr. L. M. Scott,* for appellee.

BURWELL, J.: There is a dispute between appellant Ragan, who was a bidder at a sale made by receivers, and those receivers, as to what property was offered for sale by them when he made his bid—as to what was sold by them and bought by him at that time. No exception was taken because his Honor did not set out the facts found by him as a basis of his decree, but we take it that he found the statements made by the receivers and their witnesses to be true. We have no authority, we think, to review his conclusions upon such a matter. The judgment must be affirmed.

Affirmed.